UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

           Plaintiff,                     Case No. 2:24-CV-10774
                                           District Judge Matthew F. Leitman
v.                                         Magistrate Judge Anthony P. Patti

MICHAEL J. BOUCHARD, *et al*.,

           Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT MCDONALD'S MOTION TO DISMISS (ECF NO. 17)

**I.**    **RECOMMENDATION**:  The Court should **GRANT** Defendant Karen McDonald's motion to dismiss (ECF No. 17).

**II.**    **REPORT:**

### A. Background

On March 26, 2024, Plaintiff Arnold Kuerbitz, proceeding *pro se*, initiated this action against Oakland County Sheriff Michael Bouchard, Oakland County Prosecutor Karen McDonald, and various John and Jone Does, listed as unknown Oakland County Sheriff Deputies, unknown Oakland County Health Department workers/RNs, and unknown Assistant Oakland County Prosecutor(s).  (ECF No. 1.)  Plaintiff asserts eight counts, each of which consist of one lengthy paragraph broadly asserting various wrongdoings by Defendants.  Although difficult to

discern, Plaintiff appears to bring claims for denial of medical attention (ECF No. 1, PageID.4; Claim 1); "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.4-5; Claim 2); denial of "due process right to access the courts under equal protection of law and right to access the law library" (ECF No. 1, PageID.5; Claim 3); another claim for "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.5-6; Claim 4)[1]; denial of his right to association (ECF No. 1, PageID.6; Claim 5); denial of a speedy trial (ECF No. 1, PageID.6-7; Claim 6); denial of his right to a jury "by fair cross section of society" (ECF No. 1, PageID.7; Claim 7); and, malicious prosecution (ECF No. 1, PageID.7-8; Claim 8).

On May 16, 2024, Defendant Karen McDonald filed a motion to dismiss. (ECF No. 17.)  Plaintiff filed a motion for extension of time to file a response, which was granted.  (ECF No. 21.)  Plaintiff was given until June 28, 2024 to respond to Defendant's motion to dismiss, and he timely responded on June 21, 2024.  (ECF No. 24.)

Judge Matthew Leitman has referred the case to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters

---

[1] It appears that Plaintiff asserts Claim 2 against Defendant Bouchard, the unknown deputies, and the unknown health officials, but Claim 4 against only Defendant Bouchard and the unknown deputies.

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 13.)

## B. Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

3

(1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6ᵗʰ Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6ᵗʰ Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## C. Analysis

Defendant McDonald seeks dismissal of any claims against her based on a variety of theories, but the Court should dismiss on the basis of prosecutorial immunity.[2] (ECF No. 17, PageID.72.) Plaintiff's *pro se* complaint, while vague and largely cryptic, appears to bring causes of action related to alleged injuries

---

[2] Defendant also seeks dismissal based on the basis of *res judicata* and a lack of allegations supporting personal involvement, municipal liability. However, because the only factual allegations raised in the complaint relate to Defendant's involvement in the underlying state court action as a prosecutor, the Court should dismiss on that basis. To the extent Plaintiff has sued Defendant McDonald in her official capacity as a prosecutor, those claims should also be dismissed. "A suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). A defendant sued in her official capacity is entitled to the same immunity to which the official's office is entitled, and the claims are "barred by the Eleventh Amendment, absent a waiver." *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009) (internal quotation marks and citation omitted).

4

suffered by him while a pretrial detainee awaiting trial at Oakland County Jail from January 23, 2020 until he was acquitted following a jury trial on July 12, 2022. (ECF No. 1, PageID.4.)  Plaintiff alleges very few specific facts related to Defendant McDonald but brings claims for violations of his speedy trial rights, his right to a jury made of a fair cross-section of the community, and for malicious prosecution.  (*Id.*, PageID.6-8.)  However, Defendant McDonald is entitled to prosecutorial immunity for all of these claims.

"[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  Absolute immunity shields a prosecutor from suit for conduct in "initiating a prosecution and in presenting the State's case" where the conduct is "intimately associated with the judicial phase of the criminal process."  *Id*. at 430, 431.  This immunity extends to conduct that includes malicious prosecution, the professional evaluation of evidence assembled by the police and the appropriate preparation for its presentation at trial, and the knowing presentation of false testimony at trial.  *Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2003) (collecting cases).  Likewise, claims that a prosecutor violated a defendant's "speedy trial rights pertain to an 'integral part of the litigation' and are thus not cognizable under § 1983."  *Maples v. Cnty. of Macomb*, No. 06-14775, 2007 WL 2421521, at *3 (E.D. Mich. Aug. 13, 2007) (Whalen, M.J.), *report and*

*recommendation adopted*, No. 06-14775, 2007 WL 2510624 (E.D. Mich. Aug. 31, 2007) (Friedman, D.J.) (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir.2006)).

Because the allegations against Defendant McDonald are based entirely on her actions within the scope of her prosecutorial duties, she is entitled to prosecutorial immunity and she should be **DISMISSED** from this action.

## III. CONCLUSION

For the reasons stated above, the Court should **GRANT** Defendant McDonald's motion to dismiss (ECF No. 17).

## IV. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated:  September 24, 2024           s/*Anthony P. Patti*
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE