UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

       Plaintiff,

v.

MICHAEL J. BOUCHARD, *et al.*,

       Defendants.

_____/

Case No. 2:24-CV-10774
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER GRANTING DEFENDANT MICHAEL BOUCHARD'S MOTION FOR A MORE DEFINITE STATEMENT (ECF NO. 16) AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT 14 DAYS AFTER JUDGE LEITMAN RULES ON THE PENDING REPORT AND RECOMMENDATION

**A.    Introduction**

On March 26, 2024, Plaintiff Arnold Kuerbitz, proceeding *pro se*, initiated this action against Oakland County Sheriff Michael Bouchard, Oakland County Prosecutor Karen McDonald, and various John and Jone Does, listed as unknown Oakland County Sheriff Deputies, unknown Oakland County Health Department workers/RNs, and unknown Assistant Oakland County Prosecutor(s). (ECF No. 1.) Plaintiff asserts eight counts, each of which consist of one lengthy paragraph broadly asserting various wrongdoings by Defendants. Although difficult to discern, Plaintiff appears to bring claims for denial of medical attention (ECF No. 1, PageID.4; Claim 1); "wanton infliction of pain and suffering" and "cruel and

unusual punishment" (ECF No. 1, PageID.4-5; Claim 2); denial of "due process right to access the courts under equal protection of law and right to access the law library" (ECF No. 1, PageID.5; Claim 3); another claim for "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.5-6; Claim 4)[1]; denial of his right to association (ECF No. 1, PageID.6; Claim 5); denial of a speedy trial (ECF No. 1, PageID.6-7; Claim 6); denial of his right to a jury "by fair cross section of society" (ECF No. 1, PageID.7; Claim 7); and, malicious prosecution (ECF No. 1, PageID.7-8; Claim 8).

On May 16, 2024, Defendant Bouchard filed a motion for a more definite statement. (ECF No. 16.) Plaintiff filed a motion for extension of time to file a response, which was granted. (ECF No. 21.) Plaintiff was given until June 28, 2024 to respond to Defendant's motion for a more definite statement, and he timely responded on June 21, 2024. (ECF No. 24.)

Judge Matthew Leitman has referred the case to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 13.)

**B.   Analysis**

---

[1] It appears that Plaintiff asserts Claim 2 against Defendant Bouchard, the unknown deputies, and the unknown health officials, but Claim 4 against only Defendant Bouchard and the unknown deputies.

2

In his motion, Defendant argues that Plaintiff's Complaint is "so sparse and unclear" that he cannot reasonably be expected to frame a response. (ECF No. 16, PageID.48.) Defendant interprets the complaint as asserting all claims against him except for the third claim but asserts that "Plaintiff has failed to identify what allegations are against Defendant Bouchard, when they occurred, what injury or harm was suffered by Plaintiff as a result, and under what law." (ECF No. 16, PageID.48.)

The pertinent rule provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Defendant argues that Plaintiff's complaint "contains few facts but consists of numerous legal conclusions against multiple (many unknown) Defendants." (ECF No. 16, PageID.53.) The Court agrees. Plaintiff's complaint, while split into eight general claims, "consists mostly of conclusory, vague, and immaterial facts not obviously connected to a particular cause of action, defendant, or specific period of time" (ECF No. 16, PageID.54), such that Defendants "cannot reasonably

3

prepare a response." Fed. R. Civ. P. 12(e); s*ee Bommarito v. Equifax Information Services, Inc.*, 340 F.R.D. 566, 569 (E.D. Mich. 2022) (Patti, M.J.) ("The goal of the complaint is to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555) (further internal citation omitted).

The pleading does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Even if the two-page "Parties Presented" provides *some* factual allegations (ECF No. 1, PageID.2-3), the eight numbered claims are simply paragraphs referring vaguely to alleged violations, without specifying precisely which defendant is implicated, and precisely *how* that defendant is implicated. One cannot be expected to answer the various causes of action in a pleading when the claim's contents consist mostly of a reference to a constitutional right, with general allegations against most or all defendants that they violated Plaintiff's rights, in an expansive manner, during a two and a half year time period. Moreover, Plaintiff's complaint alleges claims against the defendants generally, and "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (*citing Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

Plaintiff's June 21, 2024 response does not help his cause. Plaintiff provides *some* additional background information in his four-page response but fails to specify what each Defendant is alleged to have done, and fails to provide many details to support his sweeping allegations. Plaintiff asserts that various wrongs happened *to* him but does not explain how and when each defendant is alleged to have committed those wrongs. Without a more detailed explanation of his alleged injuries and specifically how they were caused by each defendant, Defendants cannot reasonably be expected to respond to the complaint.

**C.     Order**

Accordingly, Defendant's motion for a more definite statement (ECF No. 16) is **GRANTED**. I have also issued a report and recommendation that Judge Leitman dismiss Defendant McDonald from this action based on prosecutorial immunity. If Judge Leitman agrees with my recommendation, Defendant McDonald should not be included in any amended complaint. If Judge Leitman rejects my recommendation, Defendant McDonald may be included in the amended complaint. Thus, I will order that Plaintiff not amend his complaint until after Judge Leitman rules on the pending report and recommendation.

No later than **fourteen days** after the resolution of the pending report and recommendation, Plaintiff **SHALL** file a more definite statement, in the form of an amended complaint, that complies with Fed. R. Civ. P. 8 ("General Rules of

Pleading") and Fed. R. Civ. P. 10 ("Form of Pleadings"). Each claim in Plaintiff's amended complaint should (1) clearly identify what allegations are against each Defendant, (2) describe, with reasonable specificity, when they occurred, (3) identify what injury or harm Plaintiff suffered as a result of each Defendant and (4) provide which federal law(s) through each claim is brought. Allegations should be made in short, numbered paragraphs, and claims should be set forth in separate, labeled counts, for ease of response, and in conformity with Fed. R. Civ. P. 8.

Plaintiff is hereby cautioned that, should he fail to comply with this order, the Undersigned may enter a report recommending dismissal of his claims. **IT IS SO ORDERED.**[2]

Dated: September 24, 2024         s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).