UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

    Plaintiff,

v.

MICHAEL J. BOUCHARD, *et al.*,

    Defendants.

_____/

Case No. 2:24-CV-10774
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING PLAINTIFF'S JUNE 21, 2024 "MOTION TO COMPEL DISCOVERY AND SHOW CAUSE HEARING DEMAND" (ECF NO. 22); DENYING PLAINTIFF'S JUNE 30, 2024 "MOTION FOR OBJECTION" (ECF NO. 30); AND STAYING DISCOVERY UNTIL FURTHER NOTICE</u>**

On March 26, 2024, Plaintiff Arnold Kuerbitz, proceeding *pro se*, initiated this action against Oakland County Sheriff Michael Bouchard, Oakland County Prosecutor Karen McDonald, and various John and Jone Does, listed as unknown Oakland County Sheriff Deputies, unknown Oakland County Health Department workers/RNs, and unknown Assistant Oakland County Prosecutor(s).  (ECF No. 1.)  On May 6, 2024, Judge Matthew Leitman referred the matter to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 13.)

On May 16, 2024, Defendants filed a motion for more definite statement (ECF No. 16) and a motion to dismiss (ECF No. 17.)  On June 21, 2024, Plaintiff responded to the motions and filed a "Motion to Compel Discovery and Show Cause Hearing Demand."  (ECF No. 22.)  Defendants filed a combined response to the discovery motion and motion to stay discovery.  (ECF No. 29.)  Rather than filing a reply, Plaintiff filed a "Motion for Objection."  (ECF No. 30).

First, as to Defendants' combined response and motion, the Court **DIRECTS** counsel to review the local rules, which do not allow combined motions and response briefs.  E.D.Mich. LR 7.1(j).  Defendants are **CAUTIONED** that in the future, consistent with my practice guidelines, any briefing not permitted by the local rules will be stricken.[1]

Next, Plaintiff's "Motion to Compel Discovery and Show Cause Hearing Demand" (ECF No. 22) is **DENIED.**  Plaintiff's motion is both improper and premature.  It is improper in that, rather than asking the Court to compel responses to discovery that has already been served, it appears to be asking for discovery directly in the motion, which is not the correct way to seek discovery.  Discovery requests are not to be filed on the docket, but served on opposing counsel.  Likewise, discovery responses should also not be filed directly on the docket.  Federal Rule of Civil Procedure 5 provides that initial disclosures under Rule 26(a)

---

[1] http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51

and "requests for documents or tangible things" must not "be filed until they are used in the proceedings or the court orders filing . . . ." Fed. R. Civ. P. 5(d)(1). Likewise, the Eastern District of Michigan Local Rules state that a party "may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) . . . ." E.D. Mich. LR 26.2.

Furthermore, this case is still in its infancy. No answer has been filed, and, contemporaneously with this order, I have issued an order directing Plaintiff to file an amended complaint, and a report and recommendation to dismiss a defendant. Until the initial pleadings have finalized, it is premature to seek discovery. Generally, "a plaintiff is . . . not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)). Thus, until Plaintiff has filed an amended complaint, and the case proceeds past an answer or resolution of a motion or motions to dismiss, the Court **ORDERS** that all discovery is hereby **STAYED,** pending further notice from the Court.

Relatedly, Plaintiff's "Motion for Objection" (ECF No. 30) is **DENIED**. Plaintiff's motion is in further support of his motion to compel and should have

been properly brought as a reply brief.  *See* E.D. Mich. LR 7.1(c)(1).  Plaintiff is hereby **INSTRUCTED** to review the Federal Rules of Civil Procedure, the local rules (and especially Local Rule 7.1), along with my Practice Guidelines (all of which are available on the Court's website), and to comply with them in the future when submitting filings on the docket.  Of particularly note, Local Rule 7.1 allows for motions, responses, and replies, in that order, and Plaintiff is directed to abide by the local rules when briefing motions.  Failure to abide by the local rules and my Practice Guidelines will result in his filings being stricken or disregarded.

    **IT IS SO ORDERED.**[2]

Dated:  September 24, 2024          s/*Anthony P. Patti*
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).