UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

        Plaintiff,                   Case No. 2:24-CV-10774

                                         District Judge Matthew F. Leitman

v.                                 Magistrate Judge Anthony P. Patti

MICHAEL J. BOUCHARD, *et al*.,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO
AMEND COMPLAINT (ECF NO. 53); DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY (ECF NO. 51); DENYING PLAINTIFF'S
MOTION FOR DECLARATORY JUDGMENT (ECF NO. 57);
AND, DENYING PLAINTIFF'S MOTION FOR OBJECTION AND TO
STRIKE (ECF NO. 61)**

**A.     Introduction**

On March 26, 2024, Plaintiff Arnold Kuerbitz, proceeding *pro se*, initiated

this action against Oakland County Sheriff Michael Bouchard, Oakland County

Prosecutor Karen McDonald, and various John and Jane Does, listed as unknown

Oakland County Sheriff Deputies, unknown Oakland County Health Department

workers/RNs, and unknown Assistant Oakland County Prosecutor(s).  (ECF No.

1.)  Plaintiff asserted eight counts, each of which consist of one lengthy paragraph

broadly asserting various wrongdoings by Defendants.  Although difficult to

decipher, Plaintiff appeared to be bringing claims for denial of medical attention

(ECF No. 1, PageID.4; Claim 1); "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.4-5; Claim 2); denial of "due process right to access the courts under equal protection of law and right to access the law library" (ECF No. 1, PageID.5; Claim 3); another claim for "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.5-6; Claim 4)[1]; denial of his right to association (ECF No. 1, PageID.6; Claim 5); denial of a speedy trial (ECF No. 1, PageID.6-7; Claim 6); denial of his right to a jury "by fair cross section of society" (ECF No. 1, PageID.7; Claim 7); and, malicious prosecution (ECF No. 1, PageID.7-8; Claim 8).

Judge Leitman referred the case to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 13.)

On September 24, 2024, I issued a report and recommendation to grant Defendant McDonald's motion to dismiss. (ECF No. 34) On the same day, I issued an order granting Defendant Bouchard's motion for a more definite statement. (ECF No. 35.) In that order, I held that "no later than **fourteen days** after the resolution of the pending report and recommendation, Plaintiff **SHALL**

---

[1] It appears that Plaintiff asserts Claim 2 against Defendant Bouchard, the unknown deputies, and the unknown health officials, but Claim 4 against only Defendant Bouchard and the unknown deputies.

file a more definite statement, in the form of an amended complaint . . . ." (ECF No. 35, PageID.212.) Plaintiff filed objections to both the order and the report and recommendation (ECF No. 41), which Judge Leitman overruled on October 30, 2024 when he adopted my report and recommendation.  (ECF No. 43, PageID.254.)  Pursuant to the terms of my September 24, 2024 Order, Plaintiff then had "no later than **fourteen days**" (until November 13, 2025) to file an amended complaint.  (ECF No. 35, PageID.212.)  The deadline passed and Plaintiff filed nothing. On November 22, 2024, Defendant filed a motion to dismiss for failure to prosecute and for failure to comply with a Court Order. (ECF No. 44.)

On December 16, 2024, Plaintiff filed a motion to compel discovery. (ECF No. 51.)  The next day, over a month past the deadline to amend the complaint, Plaintiff filed an "Amended Motion for Leave to Amend Complaint." [2]  (ECF No. 53.)  In the motion, Plaintiff provides no explanation for his failure to file an amended complaint by the court-imposed deadline.  He includes a two-paragraph introduction and then sets forth his proposed amended complaint, which is a nearly verbatim reproduction of his original complaint.

Next, on February 9, 2025, Plaintiff filed a motion for declaratory judgment. (ECF No. 57.)  Defendant has filed responses to both the motion for declaratory

---

[2] Although entitled an "amended" motion, there is no other motion for leave to amend on the docket.

judgment and the motion for discovery (ECF No. 60 &63), but did not file a response to the motion for leave to amend.[3]  Plaintiff then filed a "Motion for Objection and to Strike," asking the Court to strike Defendant's response to his motion for declaratory judgment.  (ECF No. 61.)

None of Plaintiff's motions contain a statement indicating his efforts at seeking concurrence, as is required under the local rules.  *See* E.D. Mich. LR 7.1(a).  Nonetheless, given Plaintiff's *pro se* status, the Court will consider the motions on the merits.

**B.**     **Analysis**

**1.  Motion for Leave to Amend (ECF No. 53)**

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting

---

[3] Given the pendency of the motion to dismiss, which relies on Plaintiff's failure to timely file an amended complaint, and also given Plaintiff's failure to seek concurrence, the Court will not treat Plaintiff's motion as unopposed despite the fact that Defendant failed to file a response brief.

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  An amendment is futile if it could not withstand a motion to dismiss.  *Thikol Corp. v. Dept. of Treasury*, 987 F.2nd 376, 383 (6th Cir. 1993).

Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In determining whether to grant the amendment, the Court considers the factors set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962) – "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

### a. Untimeliness

Here, after reviewing the proposed amended complaint, the Court must deny the amendment.  First, the motion for leave to amend comes one month after the deadline the Court gave to file an amended complaint. "Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290

F.3d 795, 800 (6th Cir. 2002)).  This case has already been pending for over a year and the pleadings are still unsettled. Defendant has been prejudiced by having to defend a case, including by responding to multiple frivolous motions (as will be further explained below), when there is, as yet, no proper complaint before the Court.  And Defendant Bouchard has been prejudiced by relying on the absence of a timely amended pleading in expending the resources to file a dispositive motion based on the inadequacies of the operative pleading.

Moreover, when a party fails seeks an extension to a court-imposed deadline, the Federal Rules provide that the court may extend the time only for "good cause."  Fed. R. Civ. P. 6(b)(1)(A).  Parties "can demonstrate 'good cause' for their failure to comply with the original schedule . . . by showing that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).  But, as in the instant matter, when the party does not seek an extension until after the deadline has passed, the court may only extend the time period upon a showing of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B). Here, Plaintiff has not shown neither good cause nor excusable neglect for failing to move earlier.  Plaintiff mentions in passing that he is disabled but does not explicitly claim or explain how his disability contributed to his inability to amend by the Court's deadline and a disability, in and of itself, does not constitute "good cause."  *See Johnson v. Washington*, No. 2:22-CV-12360, 2023 WL 9510833, at

6

*8 (E.D. Mich. Dec. 18, 2023) (Patti, M.J.), *report and recommendation adopted*,

No. 22-12360, 2024 WL 195961 (E.D. Mich. Jan. 18, 2024) (Michelson, J.) (being

69 and in poor health does not constitute "good cause" for failure to meet a court

deadline).  Indeed, Plaintiff provides no explanation whatsoever for failing to meet

the Court's deadline or even to seek an extension of the deadline.  Accordingly,

Plaintiff's motion for leave to amend is untimely and will be denied as such.

### b. Futility of proposed amendment

Further, even if the Court excused Plaintiff's delay in moving to amend, the

motion would still be denied as the proposed amended pleading is futile.  The

Court held in its September 24, 2024 order that Plaintiff's initial compliant failed

to meet the standards of Federal Rule of Civil Procedure 8 in that it did not provide

"a short and plain statement of the claim showing that the pleader is entitled to

relief[.]"  Fed. R. Civ. P. 8(a)(2).  The Court held:

> Even if the two-page "Parties Presented" provides *some* factual allegations
> (ECF No. 1, PageID.2-3), the eight numbered claims are simply paragraphs
> referring vaguely to alleged violations, without specifying precisely which
> defendant is implicated, and precisely *how* that defendant is implicated.  One
> cannot be expected to answer the various causes of action in a pleading
> when the claim's contents consist mostly of a reference to a constitutional
> right, with general allegations against most or all defendants that they
> violated Plaintiff's rights, in an expansive manner, during a two and a half
> year time period.  Moreover, Plaintiff's complaint alleges claims against the
> defendants generally, and "damage claims against government officials
> arising from alleged violations of constitutional rights must allege, with
> particularity, facts that demonstrate what *each* defendant did to violate the
> asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir.

7

2008) (*citing Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

(ECF No. 35, PageID.211.)  The Court also held:

> Plaintiff's complaint, while split into eight general claims, "consists mostly of conclusory, vague, and immaterial facts not obviously connected to a particular cause of action, defendant, or specific period of time" (ECF No. 16, PageID.54) such that Defendants "cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); s*ee Bommarito v. Equifax Information Services, Inc.*, 340 F.R.D. 566, 569 (E.D. Mich. 2022) (Patti, M.J.) ("The goal of the complaint is to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555) (further internal citation omitted).

(ECF No. 35, PageID.210-211.)  The Court thus ordered Plaintiff to "file a more definite statement, in the form of an amended complaint, that complies with Fed. R. Civ. P. 8 ('General Rules of Pleading') and Fed. R. Civ. P. 10 ('Form of Pleadings')."  (ECF No. 35, PageID.212-213.)  The Court gave specific instructions regarding the amended complaint, directing: "Each claim in Plaintiff's amended complaint should (1) clearly identify what allegations are against each Defendant, (2) describe, with reasonable specificity, when they occurred, (3) identify what injury or harm Plaintiff suffered as a result of each Defendant and (4) provide which federal law(s) through each claim is brought."  (ECF No. 35, PageID.213.)

Having reviewed the proposed amended complaint, it is clear that Plaintiff wholly ignored these instructions and filed a proposed pleading that is substantively identical to the original complaint.  The only alteration the Court can

8

discern between the two pleadings is the identification of a "Doctor Mitchell," a female doctor, to the general grouping of unknown medical defendants in various portions of the pleading.  But, as in the prior pleading, Plaintiff still "fails to specify what each Defendant is alleged to have done, and fails to provide many details to support his sweeping allegations."  (ECF No. ECF No. 35, PageID.212.) "Plaintiff asserts that various wrongs happened *to* him, but does not explain how and when each Defendant is alleged to have committed those wrongs.  Without a more detailed explanation of his alleged injuries, Defendants cannot reasonably be expected to respond to the complaint."  (*Id.*)  Because the proposed amended complaint suffers from the same defects as the initial complaint, permitting the amended complaint would be futile.

Plaintiff's motion to amend the complaint (ECF No. 53) is therefore **DENIED** as both untimely and futile.

### 2.  Plaintiff's three remaining motions

#### a.  Plaintiff's motion to compel (ECF No. 51)

Plaintiff's three remaining motions are without merit.  In his motion to compel discovery, Plaintiff claims he sent discovery demands to Defendants that went unanswered, requests additional discovery, and asks for a hearing requiring Defendants to show cause. (ECF No. 51.)  This is the second time Plaintiff has filed such a motion, and the Court will deny it for the same reasons it denied

Plaintiff's first motion.  (*See* ECF No. 36.)  Indeed, in that order, the Court *stayed discovery* until further order, and, to date, the stay has not been lifted.  The Court noted:

> [T]his case is still in its infancy. No answer has been filed, and, contemporaneously with this order, I have issued an order directing Plaintiff to file an amended complaint, and a report and recommendation to dismiss a defendant.  Until the initial pleadings have finalized, it is premature to seek discovery.  Generally, "a plaintiff is . . . not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (*quoting Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).  Thus, until Plaintiff has filed an amended complaint, and the case proceeds past an answer or resolution of a motion or motions to dismiss, the Court **ORDERS** that all discovery is hereby **STAYED**, pending further notice from the Court.

(ECF No. 36, PageID.216 (emphases in original).)  All of these reasons still apply now.  There is no valid initial pleading before the Court, and thus no answer has been filed, and discovery is both premature and remains stayed.  Plaintiff's motion to compel (ECF No. 51) is **DENIED.**

### b.  Plaintiff's motion for declaratory judgment (ECF No. 57)

Likewise, Plaintiff's motion for declaratory judgment (ECF No. 57) is also **DENIED**.  As Defendant Bouchard aptly points out, both Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 provide for declaratory judgments, but Plaintiff has not met the requirements for obtaining one.  (ECF No. 60.)  The statute

provides that a declaratory judgment is allowed "upon the filing of an appropriate pleading," which Plaintiff has not filed.  28 U.S.C. §2201(a).  At this juncture, Plaintiff has not yet filed *any* cognizable pleading, let alone one that asserts a declaratory action, and he is therefore not entitled to a declaratory judgment.

### c.  Plaintiff's motion for objection and to strike (ECF No. 61)

Finally, Plaintiff's "Motion for Objection and to Strike" (ECF No. 61) is also **DENIED**. This is the second time Plaintiff has filed such a motion, in which he complains about a response brief Defendant has filed.  (ECF No. 30).  As with the prior motion, this motion is more properly cast as a "reply," as it is in further support of his motion for declaratory judgment.  In the Court's order denying Plaintiff's previously filed "Motion for Objection," the Court ordered:

> Plaintiff is hereby **INSTRUCTED** to review the Federal Rules of Civil Procedure, the local rules (and especially Local Rule 7.1), along with my Practice Guidelines (all of which are available on the Court's website), and to comply with them in the future when submitting filings on the docket. Of particularly note, Local Rule 7.1 allows for motions, responses, and replies, in that order, and Plaintiff is directed to abide by the local rules when briefing motions. Failure to abide by the local rules and my Practice Guidelines will result in his filings being stricken or disregarded.

(ECF No. 36, PageID.217 (emphasis in original).)  Plaintiff demonstrably did not follow the Court's instructions and again has filed a motion attacking a response brief, rather than a proper reply which would address the arguments made by Defendant.  His motion is both procedurally improper and substantively without merit.

**C.    Order**

For the reasons state above, Plaintiff's four pending motions (ECF Nos. 51,

53, 57, 61) are **DENIED**.

**IT IS SO ORDERED.**[4]


Dated:  May 30, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).