UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

        Plaintiff,

v.

MICHAEL J. BOUCHARD, *et al.*,

        Defendants.

_____/

Case No. 2:24-CV-10774
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT BOUCHARD'S MOTION TO DISMISS (ECF NO. 44)

**I.    RECOMMENDATION**: The Court should **GRANT** Defendant Michael Bouchard's motion to dismiss (ECF No. 44) and **DISMISS** this case in its entirety for failure to prosecute.

**II.    REPORT:**

  **A. Background**

On March 26, 2024, Plaintiff Arnold Kuerbitz, proceeding *pro se*, initiated this action against Oakland County Sheriff Michael Bouchard, Oakland County Prosecutor Karen McDonald, and various John and Jane Does, listed as unknown Oakland County Sheriff Deputies, unknown Oakland County Health Department workers/RNs, and unknown Assistant Oakland County Prosecutor(s). (ECF No. 1.) Plaintiff asserted eight counts, each of which consist of one lengthy paragraph

broadly asserting various wrongdoings by Defendants. Although difficult to decipher, Plaintiff appeared to be bringing claims for denial of medical attention (ECF No. 1, PageID.4; Claim 1); "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.4-5; Claim 2); denial of "due process right to access the courts under equal protection of law and right to access the law library" (ECF No. 1, PageID.5; Claim 3); another claim for "wanton infliction of pain and suffering" and "cruel and unusual punishment" (ECF No. 1, PageID.5-6; Claim 4)[1]; denial of his right to association (ECF No. 1, PageID.6; Claim 5); denial of a speedy trial (ECF No. 1, PageID.6-7; Claim 6); denial of his right to a jury "by fair cross section of society" (ECF No. 1, PageID.7; Claim 7); and, malicious prosecution (ECF No. 1, PageID.7-8; Claim 8).

Judge Leitman referred the case to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 13.)

On September 24, 2024, I issued a report and recommendation to grant Defendant McDonald's motion to dismiss. (ECF No. 34) On the same day, I issued an order granting Defendant Bouchard's motion for a more definite

---

[1] It appears that Plaintiff asserts Claim 2 against Defendant Bouchard, the unknown deputies, and the unknown health officials, but Claim 4 against only Defendant Bouchard and the unknown deputies.

2

statement. (ECF No. 35.)  In that order, I held that "no later than **fourteen days** after the resolution of the pending report and recommendation, Plaintiff **SHALL** file a more definite statement, in the form of an amended complaint . . . ." (ECF No. 35, PageID.212 (emphases in original).) Plaintiff filed objections to both the order and the report and recommendation (ECF No. 41), which Judge Leitman overruled on October 30, 2024 when he adopted my report and recommendation. (ECF No. 43, PageID.254.)  Pursuant to the terms of my September 24, 2024 Order, Plaintiff then had "no later than **fourteen days**" (until November 13, 2025) to file an amended complaint.  (ECF No. 35, PageID.212.)  The deadline passed and Plaintiff filed nothing. On November 22, 2024, Defendant filed a motion to dismiss for failure to prosecute and for failure to comply with a Court Order. (ECF No. 44.)

Plaintiff thereafter filed a series of motions, all of which have been denied by separate order on today's date.[2]  Most relevant to this report, the Court denied an untimely motion for leave to amend, which Plaintiff filed a month after the deadline for filing an amended complaint.  (ECF No. 53.)  Specifically, I found that Plaintiff's proposed amended complaint, in addition to being untimely under

---

[2] This report and the order denying Plaintiff's four pending motions are issued on the same day and are intended to be read concomitantly with one another.

3

the Court's prior directive, did not cure the deficiencies noted in my previous report and recommendation. (ECF No. 35.)

## B. Analysis

Defendant Bouchard moves to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for failure to prosecute. Federal Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Similarly, the local rules state that "when it appears that the Court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

Here, Defendant argues that Plaintiff's failure to file an amended complaint by the court-imposed deadline should be "construed as an abandonment of the claims asserted in this action." (ECF No. 44, PageID.264.) The Court should agree.

As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

4

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)). Applying these factors to the case at bar, all four factors are met:

1. It seems that Plaintiff's failure to file an amended complaint correcting the deficiencies noted in the Court's September 24, 2024 order is the result of willfulness, bad faith or fault. The Court set a reasonable and clear deadline regarding when to file the amended complaint, *i.e.*, fourteen days after the resolution of the report and recommendation. (ECF No. 35.) The report and recommendation was resolved on October 30, 2024. (ECF No. 43.). Plaintiff thus had from September 24, 2024, when I issued my order, until November 13, 2024 to draft an amended pleading complying with the instructions I set in my order. These instructions were stated in simple terms with a detailed list of what must be included in any amended pleading: "Each claim in Plaintiff's amended complaint should (1) clearly identify what allegations are against each Defendant, (2) describe, with reasonable specificity, when they occurred, (3) identify what injury or harm Plaintiff suffered as a result of each Defendant and (4) provide which federal law(s) through each claim is brought." (ECF No. 35, PageID.213.) Not only did Plaintiff fail to meet the court-ordered deadline, but when he eventually filed a motion for leave to amend, his amended pleading did not comply with my instructions and indeed his pleading was not altered in any material way. Moreover, Plaintiff continues to file frivolous motions without seeking concurrence, and without taking into consideration the Court's rulings on similar or identical motions filed in the past. (*See* ECF Nos. 33, 36, 51, 61.) It thus appears to the Court that Plaintiff's failure to meet the court-imposed deadline, and persistent failure to follow the Court's instructions, is the result of willfulness, bad faith or fault.

2. Defendants are prejudiced by having to spend any further time and money on a case in which Plaintiff refuses to follow the Court's instructions or the local or Federal Rules. Plaintiff's failure to draft an initial pleading which complies with Federal Rule 8 and Federal Rule 10 in a timely manner, and his failure to read and abide by the Court's instructions or the applicable rules, has resulted in the expenditure of unnecessary time and attorney resources in a case that has not moved forward in any discernible manner since its initial filing.

3. In the Court's order granting the motion for a more definite statement and directing that Plaintiff "**SHALL**" file an amended complaint by the deadline, the Court specifically warned Plaintiff: "<u>Plaintiff is hereby cautioned that, should he fail to comply with this order, the Undersigned may enter a report recommending dismissal of his claims</u>." (ECF No. 35, PageID.213) (emphasis in original).

4. As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given the multiple Court orders and instructions (*e.g.*, ECF No. 33, 35, 36) with which Plaintiff has failed to abide.

Each of the factors weighs against Plaintiff; therefore, the Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.2.

### III. CONCLUSION

For the reasons stated above, the Court should **GRANT** Defendant Michael Bouchard's motion to dismiss (ECF No. 44). Since Defendant Bouchard is the only identified and served Defendant, and since his motion seeks dismissal of the entire action for failure to prosecute, the Court should **DISMISS** this action in its entirety.

## IV. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without

7

merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated:  May 30, 2025

                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE