UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

    Plaintiff,

v.

Case No. 24-cv-10774
Hon. Matthew F. Leitman

MICHAEL J. BOUCHARD, et al.,

    Defendants.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 67) TO REPORT AND RECOMMENDATION (ECF No. 65), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 44), AND (4) TERMINATING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 66) AS MOOT**

On March 6, 2024, Plaintiff Arnold Kuerbitz filed this *pro se* civil-rights action against Defendants Michael Bouchard, the Oakland County Sheriff, Karen McDonald, the Oakland County Prosecutor, and several John Doe and Jane Doe Defendants who Plaintiff says worked for Oakland County in various capacities. (*See* Compl., ECF No. 1.) Kuerbitz has never identified the John and Jane Doe Defendants or served them with the Complaint. Now before the Court is Defendant Bouchard's motion to dismiss.[1] (*See* Mot., ECF No. 65.) On May 30, 2025, the assigned Magistrate Judge issued a report and recommendation in which he

---

[1] The Court previously issued an order granting Defendant McDonald's motion to dismiss. (*See* Order, ECF No. 43.)

1

recommended that the Court (1) grant Bouchard's motion to dismiss and (2) dismiss this case in its entirety because Bouchard was the only remaining Defendant that Kuerbitz had identified and served with the Complaint (the "R&R"). (*See* R&R, ECF No. 65.)  Kuerbitz filed objections to the R&R on June 4, 2025. (*See* Objections ECF No. 67.)  For the reasons explained below, the objections are **OVERRULED**, the recommended disposition of the R&R is **ADOPTED**, Bouchard's motion to dismiss is **GRANTED**, and this action is **DISMISSED**.

I

A

Kuerbitz is an inmate at the Oakland County Jail.  His Complaint in this case is difficult to follow, but he appears to bring claims arising out of the alleged failure to provide him with, among other things, sufficient medical care and access to the jail's law library. (*See* Compl., ECF No. 1.)  The only remaining served Defendant is Defendant Bouchard, the Oakland County Sheriff.

On May 16, 2024, Bouchard filed a motion for a more definite statement in which he asked the Court to direct Kuerbitz to  "(1) clearly identify what allegations are against Defendant Bouchard, (2) to specify when they occurred, (3) to identify what injury or harm Plaintiff suffered as a result of Defendant Bouchard and (4) to provide which federal law(s) through each claim is brought." (Mot., ECF No. 16, PageID.48-49.)  The Magistrate Judge granted that motion on September 24, 2024.

2

(*See* Order, ECF No. 35.)  The Magistrate Judge ordered Kuerbitz to "file a more definite statement, in the form of an amended complaint, that complies with Fed. R. Civ. P. 8 ("General Rules of Pleading") and Fed. R. Civ. P. 10 ("Form of Pleadings"). Each claim in Plaintiff's amended complaint should (1) clearly identify what allegations are against each Defendant, (2) describe, with reasonable specificity, when they occurred, (3) identify what injury or harm Plaintiff suffered as a result of each Defendant and (4) provide which federal law(s) through each claim is brought. Allegations should be made in short, numbered paragraphs, and claims should be set forth in separate, labeled counts, for ease of response, and in conformity with Fed. R. Civ. P. 8." (*Id.*, PageID.212-213.)  The Magistrate Judge then expressly warned Kuerbitz that "<u>should [Kuerbitz] fail to comply with this order, the Undersigned may enter a report recommending dismissal of his claims.</u>" (*Id.*, PageID.213; emphasis in original).  The Magistrate Judge instructed Kuerbitz to file his Amended Complaint no later than 14 days after the Court issued an order resolving Defendant McDonald's motion to dismiss. (*See id.*, PageID.212.)

Kuerbitz did not file an Amended Complaint as directed.  When he failed to do so, Bouchard filed a motion to dismiss for failure to prosecute and failure to follow the Magistrate Judge's orders. (*See* Mot., ECF No. 44.)  Several weeks later, Kuerbitz filed a motion for leave to amend his Complaint. (*See* Mot., ECF No. 53.)  The Magistrate Judge later denied that motion on the basis that it was untimely, that

3

Kuerbitz had failed to show good cause for "failing to meet the Court's deadline" to file an Amended Complaint, and that the proposed amended pleading was futile because it "wholly ignored [the Magistrate Judge's] instructions and [consisted of] a proposed pleading that [was] substantively identical to the original complaint." (Order, ECF No. 64, PageID.375-378.)

B

On May 30, 2025, the Magistrate Judge issued the R&R. (*See* R&R, ECF No. 65.) In the R&R, the Magistrate Judge recommended that the Court grant Bouchard's motion to dismiss. He explained that (1) Kuerbitz's failure to "to file an amended complaint correcting the deficiencies noted in the Court's September 24, 2024 order [was] the result of willfulness, bad faith or fault," (2) Kuerbitz further "continue[d] to file frivolous motions without seeking concurrence, and without taking into consideration the Court's rulings on similar or identical motions filed in the past," (3) Bouchard was "prejudiced by having to spend any further time and money on a case in which [Kuerbitz] refuses to follow the Court's instructions or the local or Federal Rules," and (4) "less drastic sanctions […] would be fruitless [] given the multiple Court orders and instructions […] with which [Kuerbitz] ha[d] failed to abide." (*Id.*, PageID.386-387.) The Magistrate Judge also recommended that because Bouchard was "the only identified and served Defendant, and since

[Bouchard's] motion seeks dismissal of the entire action for failure to prosecute, the Court should DISMISS this action in its entirety." (*Id.*, PageID.387.)

Kuerbitz filed objections to the R&R on June 4, 2025. (*See* Objections, ECF No. 67.) The Court discusses those objections in detail below.

II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

III

Kuerbitz's objections are deficient as a matter of law because, with one minor exception discussed below, the objections do not identify any particular error in the R&R or even discuss the R&R at all. Indeed, instead of identifying any legal or factual errors in the R&R or explaining why the Court should not follow the Magistrate Judge's recommendation, Kuerbitz largely repeats allegations that he has previously made about the conduct of Bouchard's counsel during this case and restates each of his causes of action. (*See* Obj., ECF No. 67.) As the Court has previously explained to Kuerbitz (*see* Order, ECF No. 43, PageID.255-256), "a general objection to a magistrate's report, which fails to specify the issues of

5

contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). *See also Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not specifically address the Magistrate Judge's reasoning); *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than … simply summarize[] what has been presented before, is not an 'objection' as that term is used in this context.").[2]  Because Kuerbitz's objections do not address the Magistrate Judge's reasoning or legal analysis, the objections must be overruled.

Finally, Kuerbitz does argue in the objections that the Magistrate Judge "never addressed any of [his] claims against" the John and Jane Doe Defendants that Kuerbitz says worked for Oakland County. (Obj., ECF No. 67, PageID.402-403.) And he says that those Defendants "still have never responded to the claims against them." (*Id.*, PageID.403.)  But there is a good reason that those individuals have never responded to the claims made against them: Kuerbitz has never identified them or served them with the Complaint.  Thus, those individuals are not properly parties

---

[2] *See also Diamond v. Riverbend Apts.*, 2023 WL 5385347, at *2 (E.D. Mich. 2023) (concluding that objections submitted by *pro se* plaintiff were legally deficient because they did not identify a specific concern with a Magistrate Judge's report and recommendation).

to this case. Moreover, when the Magistrate Judge provided Kuerbitz the opportunity to file an Amended Complaint that, among other things, sufficiently identified the John and Jane Doe Defendants, the claims brought against them, and the facts that could support those claims, he failed to do so. Simply put, Kuerbitz has not provided any basis to proceed against the John and Jane Doe Defendants.[3]

## IV

For all the reasons explained above: (1) Kuerbitz's objections to the R&R (ECF No. 67) are **OVERRULED**; (2) the recommended disposition of the R&R (ECF No. 65) is **ADOPTED**; (3) Defendant Bouchard's motion to dismiss (ECF No. 44) is **GRANTED**; and (4) Kuerbitz's Complaint is **DISMISSED**. Finally, because the Court is dismissing Kuerbitz's Complaint, the Court will **TERMINATE** Kuerbitz's motion to compel discovery (ECF No. 66) as **MOOT**.

**IT IS SO ORDERED**.

Dated: June 26, 2025

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

---

[3] Kuerbitz also claims in his objections that the Magistrate Judge "never addressed and/or never even make a written decision on" several motions that he filed, including a motion to compel discovery and for a declaratory judgment. (*See* Obj., ECF No. 67, PageID.402.) But the Magistrate Judge *did* address those motions in an order dated May 30, 2025. (*See* Order, ECF No. 64.)

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

8