UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

    Plaintiff,

v.

Case No. 24-cv-10774
Hon. Matthew F. Leitman

MICHAEL J. BOUCHARD, *et al.*,

    Defendants.
_____/

### ORDER DENYING PLAINTIFFS' MOTION FOR OBJECTION (ECF No. 73) AND MOTION FOR RELIEF FROM JUDGMENT (ECF No. 74)

On March 6, 2024, Plaintiff Arnold Kuerbitz filed this *pro se* civil-rights action against Defendants Michael Bouchard, the Oakland County Sheriff, Karen McDonald, the Oakland County Prosecutor, and several John Doe and Jane Doe Defendants who Plaintiff says worked for Oakland County in various capacities. (*See* Compl., ECF No. 1.) Kuerbitz's Complaint was difficult to follow, but he appeared to bring claims against the Defendants arising out of the alleged failure to provide him with, among other things, sufficient medical care and access to the jail's law library. (*See id.*)

On September 24, 2024, the assigned Magistrate Judge issued an order in which he directed Kuerbitz to file, within fourteen days of that order, "a more definite statement, in the form of an amended complaint, that complies with Fed. R.

1

Civ. P. 8 ("General Rules of Pleading") and Fed. R. Civ. P. 10 ("Form of Pleadings")." (Order, ECF No. 35, PageID.212.)  He told Kuerbitz that "each claim in [the] amended complaint should (1) clearly identify what allegations are against each Defendant, (2) describe, with reasonable specificity, when they occurred, (3) identify what injury or harm [Kuerbitz] suffered as a result of each Defendant and (4) provide which federal law(s) through each claim is brought. Allegations should be made in short, numbered paragraphs, and claims should be set forth in separate, labeled counts, for ease of response, and in conformity with Fed. R. Civ. P. 8." (*Id.*, PageID.212-213.)  The Magistrate Judge then expressly warned Kuerbitz that "should [Kuerbitz] fail to comply with this order, the Undersigned may enter a report recommending dismissal of his claims." (*Id.*, PageID.213; emphasis in original).

Kuerbitz failed to file an Amended Complaint by the deadline that the Magistrate Judge had set.  When he failed to do so, Bouchard filed a motion to dismiss for failure to prosecute and failure to follow the Magistrate Judge's orders. (*See* Mot., ECF No. 44.)  Several weeks later, Kuerbitz filed a motion for leave to amend his Complaint. (*See* Mot., ECF No. 53.)  The Magistrate Judge denied that motion on the basis that it was untimely, that Kuerbitz had failed to show good cause for "failing to meet the Court's deadline" to file an Amended Complaint, and that the proposed amended pleading was futile because it "wholly ignored [the Magistrate Judge's] instructions and [consisted of] a proposed pleading that [was]

2

substantively identical to the original complaint." (Order, ECF No. 64, PageID.375-378.)

On May 30, 2025, the Magistrate Judge issued a report and recommendation in which he recommended that the Court (1) grant Defendant Bouchard's motion to dismiss and (2) dismiss this case in its entirety because Bouchard was the only remaining Defendant that Kuerbitz had identified and served with the Complaint (the "R&R"). (*See* R&R, ECF No. 65.) Kuerbitz then filed objections to the R&R. (*See* Obj., ECF No. 67.) The objections, with one minor exception, did "not identify any particular error in the R&R or even discuss the R&R at all." (Order, ECF No. 433.) The Court therefore overruled the objections, adopted the recommended disposition of the R&R, granted Bouchard's motion, and dismissed Kuerbitz's Complaint. (*See id.*, PageID.433-435.)

Now before the Court are two motions Kuerbitz has filed: (1) a motion that he calls a "Motion for Objection and to Strike – Defendants Response" (ECF No. 73) and (2) a motion for relief from judgment (ECF No. 74). In both motions, Kuerbitz argues that the Court erred when it granted Bouchard's motion and dismissed his (Kuerbitz's) Complaint. But just as Kuerbitz did not address the Magistrate Judge's reasoning when he filed objections to the R&R, Kuerbitz does not address *the Court's* reasoning for overruling those objections in his current motions. Instead, Kuerbitz merely repeats many of the same arguments that he made before and that

3

both the Magistrate Judge and this Court have previously rejected. Simply put, Kuerbitz has not identified any error that the Court made when it adopted the recommended disposition of the R&R and dismissed his case.

For all of these reasons, Kuerbitz's motions (ECF No. 73, 74) are **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126